[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10953
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 18, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-00094-TCB-GGB-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARTINO DAMECO ALLEN,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 18, 2011)

Before BARKETT, MARCUS, and ANDERSON, Circuit Judges.

PER CURIAM:

Martino Allen appeals his conviction for possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On appeal, Allen contends that the district court erred in denying his motion to suppress evidence obtained during an encounter with the police, including the firearm underlying his conviction. In essence, Allen maintains that the firearm was discovered following an investigatory stop that was not properly supported by reasonable suspicion of wrongdoing.

A district court's denial of a motion to suppress presents a mixed question of law and fact. United States v. Jordan, 635 F.3d 1181, 1185 (11th Cir. 2011). We review a district court's factual findings for clear error, construing all facts in the light most favorable to the prevailing party below, and its application of the law to those facts de novo. Id. Moreover, "we may affirm the denial of a motion to suppress on any ground supported by the record." United States v. Caraballo, 595 F.3d 1214, 1222 (11th Cir. 2010).

The Fourth Amendment protects individuals from unreasonable searches and seizures. U.S. Const. amend. IV. There are three broad categories of encounters between police and citizens for purposes of the Fourth Amendment: "(1) police-citizen exchanges involving no coercion or detention; (2) brief seizures or investigatory detentions; and (3) full-scale arrests." United States v. Perez, 443

F.3d 772, 777 (11th Cir. 2006). The first type of encounter, commonly referred to as a consensual encounter, does not constitute a "seizure" sufficient to implicate the Fourth Amendment. Id. at 777-78. "Law enforcement officers do not violate the Fourth Amendment's prohibition of unreasonable seizures merely by approaching individuals on the street or in other public places and putting questions to them if they are willing to listen." United States v. Drayton, 536 U.S. 194, 200, 122 S. Ct. 2105, 2110, 153 L.Ed.2d 242 (2002). Even when the police have no basis for suspecting an individual of wrongdoing, they may pose questions and ask for identification, provided that they do not induce cooperation by coercive means. Id. at 201, 122 S. Ct. at 2110. If a reasonable person would feel free to terminate the encounter, then he has not been seized. Id.

Factors relevant to determining whether a police-citizen encounter was consensual or amounted to a seizure include, among other things: "whether a citizen's path is blocked or impeded; whether identification is retained; the suspect's age, education and intelligence; the length of the suspect's detention and questioning; the number of police officers present; the display of weapons; any physical touching of the suspect, and the language and tone of voice of the police." Perez, 443 F.3d at 778. An officer's display of his badge and the presence of a uniform and holstered firearm are accorded little weight in the

3

analysis, as the public knows that most officers are armed and are often required to wear uniforms. Id. at 778 n.2 (citing Drayton, 536 U.S. at 204-05, 122 S. Ct. at 2112). Ultimately, a Fourth Amendment "seizure" only occurs when a person's freedom of movement is restrained by means of physical force or by submission to a show of authority. Id. at 778; Jordan, 635 F.3d at 1185.

In contrast, an investigatory stop "involves reasonably brief encounters in which a reasonable person would have believed that he or she was not free to leave." Perez, 443 F.3d at 777 (quoting United States v. Espinosa-Guerra, 805 F.2d 1502, 1506 (11th Cir. 1986)). In order to justify an investigatory seizure, "the government must show a reasonable, articulable suspicion that the person has committed or is about to commit a crime." Id. Although reasonable suspicion is a less demanding standard than probable cause, it requires "at least a minimal level of objective justification for making the stop." Jordan, 635 F.3d at 1186. When determining whether reasonable suspicion exists, we consider "the totality of the circumstances in light of the officer's own experience" to ascertain whether the officer had an objectively reasonable basis for suspecting wrongdoing. Caraballo, 595 F.3d at 1222. In connection with an investigatory stop, an officer who has reason to believe that he is dealing with an armed and dangerous individual may also conduct a pat-down search for weapons for his own protection and that of

4

others.  Terry v. Ohio, 392 U.S. 1, 27, 88 S. Ct. 1868, 1883, 20 L.Ed.2d 889 (1968).  The search may continue when an officer feels a concealed object that he reasonably believes may be a weapon.  United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007).

Allen's initial encounter with the police officers did not rise to the level of a seizure implicating the Fourth Amendment.  During the initial encounter, which lasted a matter of seconds, the two officers did not block or impede Allen's path, demand identification, brandish their weapons, physically touch him, or otherwise attempt to induce his cooperation by coercive means.  Nor did the officers command Allen to stop, notify him that he was being detained, or expressly indicate that a citation was forthcoming.  Since the officers did not restrain Allen's freedom of movement by means of physical force or a sufficient show of authority, the initial encounter was consensual in nature.  Even assuming arguendo that it was not, the officers had a reasonable and articulable suspicion that Allen had just violated Atlanta's ordinances by crossing a street in front of oncoming traffic.  See Atlanta, Ga., Code of Ordinances ch. 150, § 150-266 ("No person shall stand or be in any street or roadway in such manner as to obstruct or impede the normal and reasonable movement of traffic."); see also Perez, 443 F.3d at 777.

5

As the officers approached Allen, he reached down and grabbed his right pants pocket. When one of the officers asked him what was in the pocket, Allen admitted to the officers that he had a gun, and the officers patted down his pocket. At this point, the encounter undoubtedly escalated into an investigatory search and seizure, but Allen's admission to having a firearm gave the officers the requisite reasonable suspicion to believe that he was presently armed, thereby permitting a pat-down. Terry, 392 U.S. at 27, 88 S. Ct. at 1883. Once the gun was found, Allen was arrested. At no point did the encounter exceed the bounds of the Fourth Amendment, and the district court did not err in denying the motion to suppress. Upon review of the record and the parties' briefs, we therefore affirm.

**AFFIRMED.**[1]

---

[1] Allen's request for oral arguments is DENIED.